IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                               Case No. 15-10045-JTM

Agatha Enns, *et al.*,

    Defendants.

MEMORANDUM AND ORDER

The government has charged defendants Agatha Enns, George Enns, James Friend, Matthew Thomas, and Kathy Shelman with various offense relating to an alleged money laundering scheme. The matter is now before the court on several pretrial motions. Although the court has subsequently continued trial of the matter, the Order of Continuance (Dkt. 84) modified the date of the trial only, and did not alter the briefing of the pending motions. The motions present questions of law rather than fact, and are accordingly ripe for resolution.[1]

The Motions in Limine filed on behalf of Agatha (Dkt. 66) and George Enns (Dkt. 72) are identical. Both seek an order requiring that the government shall not refer to (1) facts

---

[1] In addition to the substantive motions, the defendants have filed multiple motions seeking to join in the relief sought by co-defendants. The government has filed no opposition to joinder, and these motions are hereby granted.

outside the testimony,(2) hearsay evidence, (3) pretrial rulings by the court, (4) prejudicial evidence, (5) irrelevant evidence, or (6) evidence lacking a proper foundation. Both motions are entirely boilerplate and *pro forma* — the motions give no grounds for even *speculating* that the government intends to engage in such conduct. As the government notes (Dkt. 81), the motions fail to identify any evidence of an inadmissible nature which defendants reasonably anticipate the government may seek to use a trial.

"A motion in limine is designed to prevent the interjection of specific evidence that is irrelevant, inadmissible, or prejudicial." *Hemetek v. United States*, 2012 WL 3870620, *9 (S.D.W.Va. 2012). Thus, such a motion "seeking to prohibit generic, unspecified 'prejudicial' testimony [is] not useful." *Id.* A motion in limine which "generally lacks specificity as to any particular evidence" is properly denied. *See United States v. DesFosses*, 2011 WL 4104702, *8 (D. Idaho 2011).

Defendant Shelman has separately moved to exclude the Indictment from submission to the jury at the time of deliberations. The defendant correctly notes that an indictment is sufficient if it merely sets forth the elements of the offense, and that the indictment is not evidence. *See Mason v. United States*, 408 F.2d 903, 907 (10th Cir. 1969). According to the defendant, the Indictment here includes a background summary of the conspiracy which makes introduction of the Indictment to the jury room "tantamount to allowing the Government's attorney in the room with the jury during deliberations." (Dkt. 70, at 3).

The court hereby denies the defendant's motion. As a standard practice in criminal

trials, the court submits a copy of the Indictment to the jury at the time deliberations commence. However, as a standard practice the court also carefully instructs the jury that the Indictment is not evidence of anything. It is merely an accusation by the government.

"It is common practice to read the indictment to the jury." *United States v. Scott*, 37 F.3d 1564, 1576 (10th Cir. 1994). Having read the indictment to the jury, the subsequent submission of a copy of an indictment to the jury for its deliberations is not unusual. *See, e.g., United States v. Aguilar*, 242 Fed.Appx. 239 (5th Cir. 2007); *United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998). Such a practice is committed to the discretion of the court. *United States v. Skolek*, 474 F.2d 582, 586 (10th Cir. 1973); *Wall v. United States*, 384 F.2d 758 (10th Cir. 1967). The defendant has failed to show any rationale for departing from this standard practice.

Finally, defendant Friend seeks early production of certain testimony a specified number of days before trial. (Dkt. 69). However, it is settled law that the court lacks authority to produce such information prior to the date specified by statute, 18 U.S.C. § 3500. *Robbins v. United States*, 476 F.2d 26, 32 (10th Cir. 1971). *See United States v. Spaguolo*, 515 F.2d 818, 821 (9th Cir. 1975) (Congress has "restrict[ed] judicial power to order discovery" outside the of established statutory framework).

IT IS ACCORDINGLY ORDERED, this 14th day of December, 2015, that the defendants' various joinder motions (Dkt. 71, 74, 75, 76, 77) are hereby granted; the defendants' substantive motions (Dkt. 66, 69, 70, 72) are hereby denied.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE
