FILED
U.S. District Court
District of Kansas

DEC 1 2 2016

Clerk, U.S. District Court
By_____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**                           **CASE NO. 15-10045-01-JTM**

**AGATHA ENNS,**

      **Defendant.**

# PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Debra L. Barnett, Assistant United States Attorney, and Agatha Enns, the defendant, personally and by and through her counsel, Louis Lopez, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count One of the Second Superseding Indictment (Doc. 89) charging a violation of 18 U.S.C. §§ 1956(h) and 2, that is, aiding and abetting a money laundering conspiracy. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The

defendant understands that the maximum sentence which may be imposed as to Count One of the Second Superseding Indictment to which she has agreed to plead guilty is not more than twenty (20) years of imprisonment, a $4,000,000.00 fine, no restitution, not more than five (5) years of supervised release, and a $100.00 mandatory special assessment. The defendant further understands that a money judgement will be imposed against him. The defendant understands that the Court will determine the amount of this money judgment after considering the evidence and arguments of counsel. In addition, the property described in paragraph 9, herein, will be forfeited.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Beginning on a date unknown and continuing through August 12, 2014, in the District of Kansas, defendant Agatha Enns co-owned, controlled and used a jointly held personal checking account at Plains State Bank (PSB) in Plains, Kansas. Although the defendant did not conduct transactions with this particular bank account, she knew that this account was opened in her and her husband's name. The defendant also knew that this account was used to deposit currency and checks obtained in Mexico which the defendant and her husband obtained while traveling into Mexico on numerous occasions. More specifically, the defendant knew that this checking account was not used for her family's personal or regular business transactions. The defendant and her husband actually held personal and business checking accounts at other area banks which were used for their personal financial transactions, as well as their business operated in southwest Kansas.

As mentioned in the previous paragraph, the PSB checking account was used for the deposit of United States currency and third party checks that Mr. Enns received from another person or persons while in Mexico. The defendant knew that her husband was receiving the money and checks, and would assist him in counting it and transporting it from Mexico to Plains, Kansas, where it was deposited into the PSB account. The defendant also knew that these funds were not reported at the border as required on many occasions. The funds were then

transferred out of state to buy GMO corn seed that was shipped to the United States-Mexican border where it was picked up and transported into Mexico.

While the defendant did not know the specific source of the currency and the identities of the third party check writers, she knew and had reason to believe that the money represented proceeds of some form of unlawful activity.

The defendant has had an opportunity to review discovery provided in this case by the United States. She knows, and admits, that based on a review of the PSB account completed by law enforcement that at least $1,600,000.00 in United States currency and approximately $5,200,000.00 from third party checks, representing the proceeds of unlawful activity, was deposited into her and her husband's PSB checking account. The defendant further understands and agrees that this money was deposited into this account in order to facilitate a series of transactions which she has learned may be referred to as "trade based money laundering."

Federal law enforcement officers executed a search warrant at the defendant's home located at 613 N. Hart, Meade, Kansas. Agents with the Drug Enforcement Administration found approximately $28,340.00 in United States currency in the defendant's home. The defendant admits that this currency was obtained in Mexico from the person mentioned in the first paragraph of this Factual Basis. The defendant admits that this currency was proceeds of some form of unlawful activity and that his home was used to conceal and hold the currency and third party checks obtained from Mexico before being deposited into the PSB checking account.

In summary, the defendant advises the Court that beginning on a date unknown, and continuing through August 12, 2014, in the District of Kansas and elsewhere, she agreed with another person to commit an offense pursuant to Title 18, United States Code, Section 1956 or 1957, in that she facilitated the use of her and her husband's PSB checking account by transporting money obtained from a source in Mexico into the United States where the money was deposited into her and her husband's bank account. The defendant knew that this money was from some form of unlawful activity. The defendant further knew that PSB was a financial institution that engaged in interstate commerce because the deposits (which were financial transactions) were made in Kansas with money brought from Mexico.

    3.    **Proposed Rule 11(c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

    (a)    three (3) years of probation;

    (b)    no fine;

    (c)    the mandatory special assessment of $100.00;

    (d)    no restitution; and

    (e)    a money judgment in an amount to be determined by the Court, and the forfeiture of the property listed in paragraph 9, herein.

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea agreement. This plea agreement centers on the defendant's agreement to enter her guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

    4.    **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines based on the individual circumstances of this defendant due to her age, the circumstances of this case, and the lack of a criminal history. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure

11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to dismiss the remaining counts of the indictments at the time of sentencing, and agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the present indictments, so long as the defendant has been honest with the government.

6. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to her involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if she has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement

will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, she understands and agrees that all statements she made, any testimony she gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against her in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements she made subsequent to this plea agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw her guilty plea. If the Court announces that it will NOT be bound

by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea.  If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw her guilty plea.

9. **Forfeiture of Assets.**  The defendant agrees to the forfeiture of the following property to the United States: United States currency in the approximate amount of $28,340.00 seized from the defendant's home, the defendant's home commonly referred to as 613 N. Hart, Meade, Kansas, and approximately $172,720.00 in United States currency seized from the defendant in New Mexico (which will be forfeited through a case filed in New Mexico).  The defendant agrees that this property was involved or used in the commission of Count One.  The defendant also agrees to the imposition of a forfeiture judgment against him in an amount to be determined by the Court, which sum represents proceeds obtained from Count One.  The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment and to the forfeiture of the property listed herein.  The defendant acknowledges and agrees that the forfeiture of this property and the

imposition of a forfeiture judgment shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

In addition, the defendant agrees to promptly execute documents provided from the United States Attorney's Office in New Mexico in order to facilitate the forfeiture of approximately $172,720.00 in United States currency seized from the defendant.

10. **Identification of Assets and Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments) and Forfeiture.** The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

(a) Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change. Defendant further agrees to provide all supporting documentation, including, but not limited, to copies of federal tax returns. The defendant agrees to disclose all assets in which defendant has any interest or which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case. Additionally, the defendant agrees to periodically execute an updated financial

statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

(b) Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct a full financial investigation. Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

(c) Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination.

(d) Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may be provided to the United States Attorney's Office. All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

(e) Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f) Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States. Should the Court impose a schedule of payments, she agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g) If defendant posted funds as security for defendant's appearance in this case, defendant authorizes the Court to release the funds to the Clerk of the United States District Court to be applied to the criminal monetary impositions at the time of sentencing.

(h) Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

(i) Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address until the judgment debt is paid in full.

(j) Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

(k) Defendant agrees to be included in the Treasury Offset Program allowing qualified federal benefits to be applied to offset the balance of criminal monetary penalties.

(l) Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

11. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against her at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during her period of probation.

12. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, her conviction, or the components of the

sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords her the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge her sentence, or the manner in which it was determined, or otherwise attempt to modify or change her sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

13.  **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any

department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

14. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

15. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning her background, character, and conduct, including the entirety of her criminal activities. The defendant understands these disclosures are not limited to the count to which she is pleading guilty. The United States may respond to comments she or her attorney makes, or to positions she or her attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The

defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

16. **Parties to the Agreement.** The defendant understands this plea agreement binds only her and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

17. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with her attorney and she is fully satisfied with the advice and representation her attorney provided. Further, the defendant acknowledges that she has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this plea agreement embodies each and every term of the agreement between the parties.

20. The defendant acknowledges that she is entering into this plea agreement and is pleading guilty because she is guilty. She further acknowledges that she is entering her guilty plea freely, voluntarily, and knowingly.

_____  Date: 12/12/2016
Debra L. Barnett, K.S.Ct.No.12729
Assistant United States Attorney
301 N. Main, Suite 1200
Wichita, Kansas 67202
debra.barnett@usdoj.gov

_____  Date: 12 - 12 - 2016
Agatha Enns
Defendant

_____  Date: 12 - 12 - 2016
Louis Lopez
Counsel for Defendant Agatha Enns